# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| MUBARAK H. IBRAHIM, | BK No. 23-07031 |
| Debtor, | Hon. Jacqueline P. Cox |
| GUS PALOIAN, not personally but solely in his capacity as the duly appointed chapter 7 trustee for the estate of MUBARAK H. IBRAHIM, | |
| Plaintiff, | |
| v. | Adv. No. _____ |
| 1401 STATE LINE, INC. AND AZ SPE LLC, | Hon. Jacqueline P. Cox |
| Defendants. | |

## ADVERSARY COMPLAINT

Gus Paloian ("Trustee"), in his capacity as duly appointed chapter 7 trustee for the estate ("Estate") of Mubarak H. Ibrahim ("Debtor"), states as follows for his complaint against 1401 State Line, Inc. ("1401 State") and AZ SPE LLC ("AZ").

**I.   Introduction**

1.    The Trustee brings this case to recover the fraudulent transfer of a gas station located at 1401 State Street and Lincoln Highway in Chicago Heights, Illinois (the "Property"). The Property was transferred to Defendant AZ for no or insufficient consideration.

**II.   Parties and other relevant persons and entities**

2.    The Debtor is a resident of the Northern District of Illinois. He filed the chapter 7 case identified in the caption on May 28, 2023.

1

3. AHM Properties, IV Inc. ("AHM") is an Illinois corporation. On information and belief, it was owned and controlled by the Debtor.

4. Defendant 1401 State is an Illinois corporation. It was controlled by the Debtor.

5. KK Trading, Inc. ("KK Trading") is an Illinois corporation. It entered into a lease with 1401 State Line and used the Property as its address.

6. Defendant AZ is an Illinois LLC. It is owned and controlled by Ahmad Zahdan.

### III. Jurisdiction and venue

7. The Court has subject-matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is being heard by the Court pursuant to 28 U.S.C. § 157(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

8. This is a core proceeding under 28 U.S.C. § 157(b)(2).

9. If proceedings to avoid and recover fraudulent transfers are found to be core proceedings in which the Bankruptcy Court is unable to constitutionally enter final orders due to the holding in *Stern v Marshall*, 564 U.S. 462 (2011), this matter may be heard by the Bankruptcy Court under 28 U.S.C. § 157(c). *See Exec. Benefits Ins. Agency, Inc. v. Arkinson*, 573 U.S. 25 (2014).

10. The Trustee consents to the entry of a final order by this Court.

11. Pursuant to 28 U.S.C. §§ 1408 & 1409, this district is the proper venue for this adversary proceeding. The events from which this case arises occurred in the Northern District of Illinois.

### IV. Facts relevant to all counts

12. On January 15, 2010, a creditor of the Debtor, Theodore Spyropoulos ("Spyropoulos"), loaned the Debtor $5,170,299, evidenced by a demand note with 8% annual

interest. The note required payment within 30 days of demand on pain of default. The note had a default rate of 10%.

13. At some point, Spyropoulos assigned the note to the Spyropoulos Trust.

14. In September 2014, Spyropoulos died.

15. Thereafter, the Spyropoulos Trust demanded performance on the note.

16. The Debtor defaulted and did not pay within 30 days of demand.

17. On March 28, 2017, the Spyropoulos Trust filed a lawsuit to enforce the note in the Cook County Circuit Court.

18. As of the filing of the Spyropoulos Trust's lawsuit, AHM owned the Property.

19. On information and belief, AHM was the Debtor's alter ego.

20. It appears that KK Trading leased the Property from AHM. KK Trading operated a business at the Property.

21. On October 26, 2017, AHM transferred the Property to 1401 State.

22. The transfer was a sham. Although 1401 State was owned on paper by Nasr Ali, a known confederate of the Debtor, it was controlled by the Debtor. Its sole purpose was to own paper title to the Property. 1401 State was the Debtor's alter ego and/or nominee.

23. Even after the purported conveyance, KK Trading made rent payments to AHM. For example, the Trustee has identified a $6,000 rent payment to AHM on September 15, 2018.

24. At some point after the purported conveyance to 1401 State, 1401 State fell behind on property taxes with Cook County.

25. Eventually, the taxes and fees owed on the Property would grow to $345,488.21. The business on the Property stopped operating.

26. On March 22, 2019, the state court presiding over the Spyropoulos Trust's note case denied summary judgment, making it likely the case would go to trial.

27. On May 3, 2019, Integrity Investment Fund bought the tax lien on the Property.

28. On December 4, 2019, the Spyropoulos Trust obtained a verdict and judgment against the Debtor in the note case in the amount of $11,082,995.50.

29. On January 29, 2020, 1401 State quitclaimed the Property to AZ.

30. The Trustee has been informed that 1401 State received nothing in exchange for the transfer, although the Cook County Recorder of Deeds states that AZ paid $25,000 for the Property.

31. In response to the Trustee's Rule 2004 subpoena, AZ did not provide any evidence that it actually paid $25,000 to 1401 State.

32. Under the transfer, AZ acquired the obligation to pay the back taxes to clear the tax lien.

33. Despite the purported conveyance to 1401 State, on June 8, 2020, the Debtor filed an appeal of the taxes with the Property Tax Appeal Board and identified himself as the owner of the Property.

34. On January 28, 2021, AZ paid $345,488.21 to satisfy the back taxes on the Property and redeem the tax lien.

35. AZ later restored the Property to a functioning business that is currently operating at the Property. AZ continues to own the Property to this day.

## COUNT I

### Declaratory Judgment
### (Against 1401 State and AZ)

36. The Trustee repeats and realleges the allegations in paragraphs 1 to 35 as if fully set forth herein.

37. Defendant 1401 State was and is completely dominated and controlled by the Debtor, such that it has no separate existence of its own.

38. Defendant 1401 State was therefore the Debtor's alter ego.

39. In the alternative, Defendant 1401 State was a straw purchaser possessing mere naked title to the Property while the Debtor continued to exercise powers and responsibilities associated with the Property.

40. On information and belief, Defendant 1401 State did not pay fair value for the Property.

41. Defendant 1401 State's intent was to hold legal title to the Property, while the Debtor continued to retain all equitable interests.

42. As of January 2020, the Debtor had equitable interests in the Property.

43. Under Illinois law when a title holder holds title to property for the benefit of someone else, the title holder is a nominee that holds such property in a resulting trust.

44. Under Section 541 of the Bankruptcy Code, the Property was therefore property of the Estate as of January 2020.

WHEREFORE, the Trustee requests that the Court enter a declaration that the Property was property of the Estate under Section 541 of the Bankruptcy Code as of January 2020.

## COUNT II

### Avoidance of Actual Fraudulent Transfer Pursuant to
### 740 ILCS 160/5 and 11 U.S.C. § 544
### (Against AZ)

45. The Trustee repeats and realleges the allegations in paragraphs 1 to 35 as if fully set forth herein.

46. AHM was the Debtor's alter ego. As such, transfers from AHM were directly from the Debtor.

47. 1401 State was the Debtor's alter ego and/or nominee. As such, transfers from 1401 State were directly from the Debtor.

48. In purportedly conveying the Property to AZ, the Debtor's nominee, 1401 State, acted with actual intent to hinder, delay, or defraud his creditors.

49. Therefore, any transfer from the Debtor's nominee to AZ is an avoidable fraudulent transfer within the meaning of 740 ILCS 160/5(a)(1), is subject to avoidance by the Trustee under 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Estate, the amount of the transfer if it is avoided, under 740 ILCS 160/5 and 11 U.S.C. § 544.

WHEREFORE, the Trustee requests that the Court avoid the transfer to AZ and enter judgment in his favor for the value of the transfer against AZ plus interest and other amounts allowable.

## COUNT III

### Avoidance of Constructive Fraudulent Transfer Pursuant to
### 740 ILCS 160/6 and 11 U.S.C. § 544
### (Against AZ)

50. The Trustee repeats and realleges the allegations in paragraphs 1 to 35 as if fully set forth herein.

51. AHM was the Debtor's alter ego. As such, transfers from AHM were directly form the Debtor.

52. 1401 State was the Debtor's alter ego and/or nominee. As such, transfers from 1401 State were directly from the Debtor.

53. The Debtor and 1401 State were insolvent at the time of the transfer from 1401 State to AZ or became insolvent because of the transfer.

54. Therefore, any transfer from the Debtor's nominee to AZ is an avoidable fraudulent transfer within the meaning of 740 ILCS 160/6, is subject to avoidance by the Trustee under 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Estate, the amount of the transfer if it is avoided, under 740 ILCS 160/6 and 11 U.S.C. § 544.

WHEREFORE, the Trustee requests that the Court avoid any transfer to AZ and enter judgment in his favor for the value of the transfer against AZ, plus interest and other amounts allowable.

Dated: May 27, 2025

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate

By:     */s/ Jonathan M. Cyrluk*
        Jonathan M. Cyrluk

*Counsel to Chapter 7 Trustee Gus A. Paloian*

Jonathan M. Cyrluk
Steven C. Moeller
CARPENTER LIPPS LLP
180 North LaSalle Street, Suite 2105
Chicago, Illinois 60601
312-777-4300 (tel)
312-777-4839 (fax)
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

David A. Beck*
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
614-365-4100 (tel)
614-365-9145 (fax)
beck@carpenterlipps.com

*Special counsel to Chapter 7 Trustee Gus A. Paloian*

\**Admitted Pro hac vice*